IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

TARIK HOOKS,                            :
                                        :
            Plaintiff,                  :       CIVIL ACTION NO. 18-3351
                                        :
    v.                                  :
                                        :
KEVIN V. MINCEY,                        :
                                        :
            Defendant.                  :

# MEMORANDUM OPINION

Smith, J.                                                           November 1, 2018

The *pro se* plaintiff, Tarik Hooks ("Hooks"), commenced this action by filing a complaint that the clerk of court docketed on August 7, 2018.[1] *See* Doc. No. 1. Although Hooks

---

[1] In the complaint, Hooks appears to be asserting a claim against the defendant, Kevin V. Mincey, Esquire ("Mincey"), who represented him in a criminal matter, docketed in this court at No. 2:13-cr-257. *See generally* Compl. at ECF pp. 3-7. Hooks alleges that after his sentencing on December 16, 2013, he asked Mincey to file a notice of appeal on his behalf but Mincey refused to do so. *See id.* at ECF p. 4. Hooks then filed a notice of appeal to the Third Circuit Court of Appeals on his own, and he also requested that the Third Circuit appoint counsel to represent him on appeal. *See id.* Instead of appointing new counsel to represent him, the Third Circuit appointed Mincey to represent him. *See id.*

Upon receiving notice of Mincey's appointment, Hooks requested that the Third Circuit appoint substitute counsel because he had a conflict of interest with Mincey. *See id.* It does not appear that the Third Circuit granted this request, and the court ordered Mincey to file a response to the government's motion to enforce an appellate waiver within 30 days. *See id.* Mincey did not file a timely response and, on June 4, 2014, the Third Circuit ordered him to file the required case opening forms and a response to the motion within 5 days. *See id.* at ECF pp. 4-5. Mincey did not timely file the documents, waiting until July 1, 2014, to file the case opening forms and a request for transcripts. *See id.* at ECF p. 5. He did not file a response to the motion to enforce an appellate waiver. *See id.*

Hooks again asked for new counsel, but the Third Circuit denied the motion on August 5, 2014. *See id.* The Third Circuit also gave Mincey another 30-day period to file a response to the government's motion to enforce an appellate waiver. *See id.* Mincey again failed to file a response and on September 19, 2014, the Third Circuit provided Hooks with a period of time to file a *pro se* response to the government's motion. *See id.* at ECF p. 6.

Although Hooks does not allege what happened regarding his response to the government's motion, the court notes that according to the PACER docket information for his appeal docketed at No. 13–4833, Hooks filed his *pro se* response to the motion (after receiving an extension of time to file) on October 27, 2014. *See* Docket, *United States v. Hooks*, No. 13–4833 (3d Cir.). It appears that the Third Circuit granted the government's motion to enforce the appellate waiver on November 5, 2014, and denied Hooks's motion for reconsideration on November 20, 2014. *See id.* The Third Circuit later denied Hooks's petition for a panel rehearing on April 28, 2015. *See id.*

Hooks asserts that due to Mincey's failures as his counsel, he filed a complaint regarding Mincey's conduct with the Disciplinary Board of the Supreme Court of Pennsylvania. *See* Compl. at ECF pp. 6-7. The Disciplinary Board administered a public reprimand to Mincey on July 11, 2016. *See id.* at ECF pp. 7, 8-12. Although the public reprimand referenced Mincey's work with two clients, with regard to Hooks, the Disciplinary Board indicated that

did not pay the filing fee or include an application to proceed *in forma pauperis* with the complaint, he eventually submitted an application to proceed *in forma pauperis* (the "IFP Application") that the clerk of court docketed on September 4, 2018. *See* Doc. No. 3.

The court reviewed the IFP Application and entered an order on September 10, 2018, which denied the IFP Application without prejudice because Hooks failed to comply with 28 U.S.C. § 1915(a) insofar as he did not include (1) an affidavit with a statement of all assets he possesses as well as a declaration that he cannot afford to pay the fees to commence the action, and (2) a certified copy of his prisoner account statement for the six-month period preceding the filing of this action on or about August 7, 2018. *See* Order at 1, n.2, Doc. No. 4. In the order, the court also directed Hooks as follows:

> If the plaintiff seeks to proceed with this action, he must, within thirty (30) days of the date of this order, either (1) submit the $400 (the $350 filing fee and $50 administrative fee) to the clerk of court, or (2) file a proper motion to proceed *in forma pauperis* with a certified copy of his prisoner trust fund account statement (or institutional equivalent) showing all deposits, withdrawals, and a current balance, from any correctional facility in which he was confined for the six-month period from February 7, 2018, through August 7, 2018, reflecting account activity from that time period[.]

*Id.* at 2.[2] In addition, the court informed Hooks that if he did not timely comply with the terms of the order, the court may dismiss the case without prejudice without further notice to him. *See id.*

---

Mincey violated the Pennsylvania Rules of Professional Conduct by not filing a response to the government's motion to enforce the appellate waiver. *See id.* at ECF p. 10.
    Based on the aforementioned allegations, Hooks indicates that he "wish[es] to file a complaint against Mr. Mincey for his violations of the United States Constitution as well as violation of the Rules of Professional Conduct." *Id.* at ECF p. 7. Hooks does not indicate the relief that he is seeking in the case (other than a desire to file a complaint).

[2] The court also informed Hooks that if the court ultimately granted him leave to proceed *in forma pauperis*, (1) he will be obligated to pay the $350 filing fee in installments pursuant to 28 U.S.C. § 1915(b), even if the court dismisses his case, and (2) he will not be entitled to the return of any payments made toward the fee. *See* Order at 2.

Despite the passage of 51 days since the date of the order, Hooks has not (1) submitted a proper application for leave to proceed *in forma pauperis* with a certified copy of his prisoner account statement showing all deposits, withdrawals, and a current balance, from any correctional facility in which he was confined from February 7, 2018, through August 7, 2018, or (2) remitted the $350 filing fee and $50 administrative fee to the clerk of court. He has also not sought an extension of time to file the *in forma pauperis* application or pay the filing and administrative fees. Therefore, Hooks has not complied with the court's September 10, 2018 order.

Rule 41(b) of the Federal Rules of Civil Procedure provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). The court may also *sua sponte* dismiss an action for lack of prosecution, in the absence of a motion to dismiss, "in order to achieve the orderly and expeditious disposition of cases." *Allen v. American Fed'n of Gov't Emps.*, 317 F. App'x 180, 181 (3d Cir. 2009) (per curiam).

Ordinarily, district courts in the Third Circuit must decide whether to dismiss an action for lack of prosecution by evaluating the six factors set forth in *Poulis v. State Farm Fire & Cas. Co.,* 747 F.2d 863, 868 (3d Cir. 1984). *See Spain v. Gallegos*, 26 F.3d 439, 454-55 (3d Cir. 1994) ("Ordinarily, when a court is determining *sua sponte* or upon motion of a defendant whether to dismiss because of a plaintiff's failure to prosecute" the court must consider the *Poulis* factors); *see also McLaren v. New Jersey Dep't of Educ.*, 462 F. App'x 148, 149 (3d Cir. 2012) (per curiam) ("Typically, district courts are required to evaluate the factors set forth by [*Poulis*] to determine whether dismissal is appropriate."). Here, because Hooks has failed to complete a fundamental step to prosecute this action by paying the filing fee or properly

applying for leave to proceed *in forma pauperis*, the court would dismiss this action without prejudice. The issue with this particular matter (and as discussed below) is that it appears that it is very likely that the statute of limitations would bar any claim by Hooks against Mincey; accordingly, it appears that a dismissal here would be with prejudice. As such, and in an abundance of caution, the court will balance the six *Poulis* factors. *See, e.g.*, *Hernandez v. Palakovich*, 293 F. App'x 890, 894 n. 8 (3d Cir. 2008) (requiring district courts to apply *Poulis* where "a *pro se* litigant's right to bring suit may well be irretrievably lost if the dismissal stands"); *Davis v. Giorla*, Civ. A. No. 14-6629, 2016 WL 6905387, at *1 (E.D. Pa. Nov. 22, 2016) (explaining that court had to balance *Poulis* factors because any dismissal would be with prejudice due to statute of limitations bar).

The six *Poulis* factors are: (1) the extent of the party's personal responsibility; (2) the extent of prejudice to the adversary; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal including an analysis of those alternative sanctions; and (6) the meritoriousness of the claim or defense. 747 F.2d at 868.

Here, the first factor weighs heavily in favor of dismissal because Hooks, as a *pro se* plaintiff, is personally responsible for his failure to take action in this case. *See Clarke v. Nicholson*, 153 F. App'x 69, 73 (3d Cir. 2005) (per curiam) ("[U]nlike a situation where dismissal is predicated upon an attorney's error, the plaintiff here was *pro se* and directly responsible for her actions and inaction in the litigation."). The fifth factor also weighs heavily in favor of dismissal because "sanctions less than dismissal [are] ineffective when a litigant is proceeding pro se and in forma pauperis." *Lopez v. Cousins*, 435 F. App'x 113, 116 (3d Cir. 2011) (per curiam). Hooks has at least attempted to proceed *in forma pauperis* and he appears to

4

be currently incarcerated, so the threat of monetary compliance (including fines, costs, or payment of attorney's fees) is unlikely to prompt compliance. Additionally, when a *pro se* plaintiff fails to prosecute an action, any sanction other than dismissing the action would be inappropriate. *See Briscoe v. Klaus*, 538 F.3d 252, 262-63 (3d Cir. 2008).

With regard to the second factor, there is no prejudice to Mincey insofar as he has not had to even defend this action yet. For the third factor, other than Hooks's failure to file a proper application to proceed *in forma pauperis* with the required certified inmate account statement, he has not demonstrated a history of dilatoriness. As for the fourth factor, the court cannot conclude that the failure to file a proper application to proceed *in forma pauperis* was willful or in bad faith and not simply the result of Hooks's negligence.

As for the sixth and final factor, it does not appear at this point that Hooks has a meritorious claim against Mincey, despite the Disciplinary Board's public reprimand. In this regard, it is difficult for the court to discern the precise type of action being asserted against Mincey. Since Mincey only operated on Hooks's behalf in his role as defense counsel in this court and then as appointed appellate counsel before the Third Circuit, he was not acting under color of state law or federal law as required to maintain an action under 42 U.S.C. § 1983 or *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).[3] *See, e.g.*, *Tate v. Benson*, Civ. A. No. 12-1129-GMS, 2013 WL 164860, at *2-3 (D. Del. Jan. 11, 2013) (concluding that *pro se* plaintiff's claims of ineffective assistance of counsel against privately retained counsel and CJA-appointed counsel were legally frivolous because neither attorney acted under color of state or federal law).[4] In addition, the applicable statute of

---

[3] While unclear from the docket, it does not appear that the court appointed Mincey as counsel to represent Hooks in the underlying criminal matter.

[4] "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of

limitations would appear to bar any claims Hooks could assert against Mincey. In this regard, the applicable statute of limitations for an action under section 1983, *Bivens*, or even under Pennsylvania state law is two years and any possible cause of action accrued well more than two years prior to the date Hooks commenced this action.[5] *See Wallace v. Kato*, 549 U.S. 384, 387 (2007) (concluding that applicable statute of limitations in section 1983 actions "is governed by the personal injury tort law of the state where the cause of action arose"); *Napier v. Thirty or More Unidentified Fed. Agents, Emps. or Officers*, 855 F.2d 1080, 1088 n.3 (3d Cir. 1988) (explaining that courts must look to "the most analogous state statute of limitations" for *Bivens* actions); *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017) ("The statute of limitations applicable to § 1983 claims in Pennsylvania is two years."); *see also* 42 Pa. C.S. § 5524 (providing two-year limitations period for, *inter alia*, various tort actions). Therefore, Hooks's claims do not appear to be meritorious.

In balancing the aforementioned factors, there is no "magic formula" or mathematical calculation used to direct a particular result. *See Briscoe*, 538 F.3d at 263. In addition, the court recognizes that "no single *Poulis* factor is dispositive" and that "not all of the *Poulis* factors need be satisfied in order to dismiss a complaint." *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003); *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992). Here, the court finds that the weight of the factors, particularly the first, fifth, and sixth factors, warrants dismissing this action

---

state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "To state a claim under *Bivens*, a claimant must show (1) a deprivation of a right secured by the Constitution and laws of the United States; and (2) that the deprivation of the right was caused by an official acting under color of federal law." *Tate*, 2013 WL 164860, at *1, n.2 (citations omitted).

[5] Causes of action accrue for *Bivens* and section 1983 claims at the time the plaintiff knows or has reason to know of the injury. *See Hughes v. Knieblher*, 341 F. App'x 749, 752 (3d Cir. 2009) ("The cause of action for Bivens claims accrues when the plaintiff knows or has reason to know of the injury."); *Sameric Corp. of Del., Inc. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998) ("A section 1983 cause of action accrues when the plaintiff knew or should have known of the injury upon which its action is based."). Here, Hooks was aware of what Mincey did not do and the ultimate result of that alleged ineffectiveness by no later than April 28, 2015, when the Third Circuit denied the petition for a panel rehearing.

for failure to prosecute.  Accordingly, the court will dismiss this action due to Hooks's failure to prosecute.

The court will enter a separate order.

BY THE COURT:


/s/ *Edward G. Smith*
EDWARD G. SMITH, J.