IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TARIK HOOKS, | : | |
| Plaintiff, | : | CIVIL ACTION NO. 18-3351 |
| v. | : | |
| KEVIN V. MINCEY, | : | |
| Defendant. | : | |

## MEMORANDUM OPINION

Smith, J.                                                                                                                                                         December 14, 2018

      The *pro se* plaintiff brought this action against his former criminal defense counsel seemingly because the attorney failed to file a requested direct appeal and then, after the plaintiff had to file a *pro se* notice of appeal, the attorney failed to file an appellate brief as directed by the Third Circuit Court of Appeals. The court previously dismissed the action without prejudice because the plaintiff failed to provide the necessary documentation to comply with the *in forma pauperis* statute and a prior order of court. The plaintiff recently submitted a letter in which he indicated that he misfiled his paperwork, and he essentially asked the court to allow his action to continue. He also included another application for leave to proceed *in forma pauperis* and a copy of his prison account statement. He further included documents indicating that he desires to assert new claims against the Third Circuit based on how the Third Circuit handled certain aspects of his direct appeal.

      The court has construed part of the plaintiff's letter as a motion to reopen, which the court will grant largely due to the plaintiff's *pro se* status. The court will also grant his application for leave to proceed *in forma pauperis* now that he has provided the necessary supporting documentation. Although the court will allow the plaintiff leave to proceed *in forma pauperis*, the

court will dismiss the complaint with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) because the plaintiff failed to state a claim in his original complaint or in the claims he seeks to add in his letter and attachments thereto.

## I. ALLEGATIONS AND PROCEDURAL HISTORY

The *pro se* plaintiff, Tarik Hooks ("Hooks"), commenced this action by filing a complaint that the clerk of court docketed on August 7, 2018. *See* Doc. No. 1. In the complaint, Hooks appears to be asserting a claim against the defendant, Kevin V. Mincey, Esquire ("Mincey"), who previously represented him in a criminal matter, docketed in this court at No. 2:13-cr-257. *See generally* Compl. at ECF pp. 3–7.

In this criminal matter, the government charged Hooks with multiple counts of bank robbery and attempted bank robbery. *See* Indictment, *United States v. Hooks*, No. 2:13-cr-257 (E.D. Pa.), Doc. No. 1.[1] Hooks pleaded guilty to each charge in the indictment, and the Honorable Gene E.K. Pratter sentenced him to 115 months' imprisonment on December 16, 2013. *See* Judgment, *United States v. Hooks*, No. 2:13-cr-257 (E.D. Pa.), Doc. No. 19. Hooks alleges that after his sentencing, he asked Mincey to file a notice of appeal on his behalf and Mincey refused to do so. *See* Compl. at ECF p. 4. Since Mincey did not file a notice of appeal, Hooks filed a *pro se* notice of appeal to the Third Circuit, a request for removal of Mincey as his counsel, and a request for the appointment of new counsel. *See* Def.'s Pro Se Notice of Intent to Appeal Sentencing, *United States v. Hooks*, No. 2:13-cr-257 (E.D. Pa.), Doc. No. 20; Compl. at ECF p. 4.

Soon after the docketing of Hooks's appeal with the Third Circuit, the government filed a motion to enforce an appellate waiver and for summary affirmance. *See* Docket, *United States v.*

---

[1] "In disposing of a 12(b)(6) motion, in addition to the complaint, courts may consider matters of public record, orders, exhibits attached to the complaint, and items appearing in the record of the case; hence, a court also may consider these items in screening a complaint under the provisions of 28 U.S.C. § 1915." *Wesley v. Varano*, Civ. A. No. 1:12-CV-1131, 2012 WL 2813827, at *1 (M.D. Pa. July 10, 2012) (citations omitted). In this case, the court has reviewed the public dockets and the complaint in reciting the allegations and procedural history.

2

*Hooks*, No. 18-4833 (3d Cir.). Hooks moved for the appointment of counsel, which the court granted and then appointed Mincey to again represent him.[2] *See* Apr. 29, 2014 Order, *United States v. Hooks*, No. 13-4833 (3d Cir.). Shortly thereafter, the Third Circuit entered an order directing Mincey to file a response to the government's motion to enforce appellate waiver and for summary affirmance. *See* May 1, 2014 Order, *United States v. Hooks*, No. 13-4833 (3d Cir.).

After receiving notice of Mincey's appointment, Hooks requested that the Third Circuit appoint substitute counsel because he had a conflict of interest with Mincey. *See* Ltr. Mot., *United States v. Hooks*, No. 13-4833 (3d Cir.). In response to Mincey's request, the Third Circuit entered an order which (1) deferred Hooks's request for new counsel, (2) noted that Mincey failed to file the required case opening forms and a response to the government's motion, and (3) directed Mincey to file the appropriate paperwork and a response to the government's motion to enforce an appellate waiver within 30 days. *See* June 4, 2014 Order, *United States v. Hooks*, No. 13-4833 (3d Cir.); *see also* Compl. at ECF pp. 4–5. Ultimately, Mincey filed the case opening forms and a request for transcripts on July 1, 2014, but he never filed a response to the government's motion to enforce an appellate waiver and for summary affirmance. *See* Compl. at ECF p. 5.

Because Mincey failed to file a response, the Third Circuit allowed Hooks to file a *pro se* response to the government's motion. *See id.* at ECF p. 6; *see also* Oct. 3, 2014 Order, *United States v. Hooks*, No. 13-4833 (3d Cir.). Hooks filed his *pro se* response to the motion (after receiving an extension of time to file) on October 27, 2014. *See* Docket, *United States v. Hooks*, No. 13–4833 (3d Cir.). The Third Circuit granted the government's motion to enforce the appellate waiver on November 5, 2014, and the court denied Hooks's motion for reconsideration on November 20, 2014. *See id.* The Third Circuit later denied Hooks's petition for a panel rehearing

---

[2] Hooks had apparently filed a CJA Form 23 financial affidavit, which the Third Circuit treated as a motion for the appointment of counsel. *See* Docket, *United States v. Hooks*, No. 13-4833 (3d Cir.).

3

on April 28, 2015. *See id.* Hooks's subsequent efforts to challenge his conviction have thus far been unsuccessful. *See* Docket, *United States v. Hooks*, No. 13-cr-257 (E.D. Pa.).

Due to Mincey's failures as his counsel, Hooks filed a complaint regarding Mincey's conduct with the Pennsylvania Judicial Conduct Board in June 2015, and the Judicial Conduct Board forwarded the complaint to the Disciplinary Board of the Supreme Court of Pennsylvania in July 2015. *See* Compl. at ECF pp. 6–7. The Disciplinary Board administered a public reprimand to Mincey on July 11, 2016. *See id.* at ECF pp. 7, 8–12. Although the public reprimand referenced Mincey's work with two clients, including Hooks, the Disciplinary Board indicated that Mincey violated the Pennsylvania Rules of Professional Conduct in his representation of Hooks by not filing a response to the government's motion to enforce the appellate waiver. *See id.* at ECF p. 10.

Based on the above allegations, Hooks indicates that he "wish[es] to file a complaint against Mr. Mincey for his violations of the United States Constitution as well as violation of the Rules of Professional Conduct." *Id.* at ECF p. 7. In the complaint, Hooks does not indicate the relief that he is seeking in the case (other than a desire to file a complaint). *See id.* In his November 28th letter, Hooks appears to request that the court reprimand Mincey and that the court investigate what occurred before the Third Circuit. *See* Ltr. at ECF pp. 5, 8–9.

Hooks did not pay the filing fee or include an application to proceed *in forma pauperis* with the complaint; nonetheless, he eventually applied to proceed *in forma pauperis* on September 4, 2018. *See* Doc. No. 3. He also moved for the appointment of counsel. *See id.* The court reviewed the *in forma pauperis* application and entered an order on September 10, 2018, which denied the *in forma pauperis* application without prejudice because Hooks failed to comply with 28 U.S.C. § 1915(a) insofar as he did not include (1) an affidavit with a statement of all assets he possesses as well as a declaration that he cannot afford to pay the fees to commence the action, and (2) a certified copy of his prisoner account statement for the six-month period preceding the

filing of this action on or about August 7, 2018. *See* Order at 1, n.2, Doc. No. 4. In the order, the court also directed Hooks as follows:

> If the plaintiff seeks to proceed with this action, he must, within thirty (30) days of the date of this order, either (1) submit the $400 (the $350 filing fee and $50 administrative fee) to the clerk of court, or (2) file a proper motion to proceed *in forma pauperis* with a certified copy of his prisoner trust fund account statement (or institutional equivalent) showing all deposits, withdrawals, and a current balance, from any correctional facility in which he was confined for the six-month period from February 7, 2018, through August 7, 2018, reflecting account activity from that time period[.]

*Id.* at 2.[3] In addition, the court informed Hooks that if he did not timely comply with the terms of the order, the court may dismiss the case without prejudice without further notice to him. *See id.* The court also denied Hooks's request for counsel as premature. *See id.* at 1.

Hooks never timely complied with the court's September 4, 2018 order, so the court entered a memorandum opinion and order on November 1, 2018, which dismissed this action without prejudice due to Hooks's failure to provide the necessary documentation in accordance with the *in forma pauperis* statute and the court's prior order. *See* Doc. Nos. 5, 6. On November 28, 2018, the clerk of court docketed a letter from Hooks in which he indicates that he had intended to respond to the court's September 4, 2018 order, but he misfiled his paperwork. *See* Ltr. at ECF p. 1, Doc. No. 7. He asks that the court overlook this error and "let [him] submit [his] complaint with amendments." *Id.* Concerning these "amendments," Hooks indicates that he would like to add claims that the Third Circuit (1) committed an abuse of discretion by failing to reprimand Mincey for violating its orders, and (2) violated his constitutional rights because of how the court handled his case and Mincey's inadequate representation. *See id.* at ECF pp. 2–5, 7–9. Hooks has also submitted another *in forma pauperis* application (the "IFP Application") and a prisoner trust

---

[3] The court also informed Hooks that if the court ultimately granted him leave to proceed *in forma pauperis*, (1) he will be obligated to pay the $350 filing fee in installments pursuant to 28 U.S.C. § 1915(b), even if the court dismisses his case, and (2) he will not be entitled to the return of any payments made toward the fee. *See* Order at 2.

fund account statement covering the six-month period prior to the filing of this lawsuit. *See id.* at ECF pp. 10–21.

## II. DISCUSSION

### A. The IFP Application

Regarding applications to proceed *in forma pauperis*,

> any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a)(1). This statute

> "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams,* 490 U.S. 319, 324, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Specifically, Congress enacted the statute to ensure that administrative court costs and filing fees, both of which must be paid by everyone else who files a lawsuit, would not prevent indigent persons from pursuing meaningful litigation. *Deutsch*[ *v. United States*, 67 F.3d 1080, 1084 (3d Cir. 1995)]. Toward this end, § 1915(a) allows a litigant to commence a civil or criminal action in federal court in [sic] *forma pauperis* by filing in good faith an affidavit stating, among other things, that he is unable to pay the costs of the lawsuit. *Neitzke,* 490 U.S. at 324, 109 S.Ct. 1827.

*Douris v. Middletown Twp.*, 293 F. App'x 130, 131-32 (3d Cir. 2008) (per curiam) (footnote omitted).

The litigant seeking to proceed *in forma pauperis* must establish that the litigant is unable to pay the costs of suit. *See Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989) ("Section 1915 provides that, in order for a court to grant *in forma pauperis* status, the litigant seeking such status must establish that he is unable to pay the costs of his suit."). "In this Circuit, leave to proceed *in forma pauperis* is based on a showing of indigence. [The court must] review the affiant's financial statement, and, if convinced that he or she is unable to pay the court

costs and filing fees, the court will grant leave to proceed *in forma pauperis*." *Deutsch*, 67 F.3d at 1084 n.5 (internal citations omitted).

Here, after reviewing the IFP Application and the prisoner trust fund account statement, it appears that Hooks is unable to pay the costs of suit. Therefore, the court will grant him leave to proceed *in forma pauperis*.[4]

### B. Standard of Review of Complaints Under 28 U.S.C. § 1915(e)(2)(B)

Because the court has granted Hooks leave to proceed *in forma pauperis*, the court must engage in the second part of the two-part analysis and examine whether the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or asserts a claim against a defendant immune from monetary relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)–(iii) (providing that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that-- . . . **(B)** the action or appeal-- **(i)** is frivolous or malicious; **(ii)** fails to state a claim on which relief may be granted; or **(iii)** seeks monetary relief against a defendant who is immune from such relief"). A complaint is frivolous under section 1915(e)(2)(B)(i) if it "lacks an arguable basis either in law or fact," *Neitzke*, 490 U.S. at 325, and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch*, 67 F.3d at 1085. As for whether a complaint is malicious, "[a] court that considers whether an action is malicious must, in accordance with the definition of the term 'malicious,' engage in a subjective inquiry into the litigant's motivations at the time of the filing of the lawsuit to determine whether the action is an attempt to vex, injure or harass the defendant." *Deutsch*, 67 F.3d at 1086. "[A] district court may dismiss a complaint as malicious if it is plainly abusive of

---

[4] As a prisoner, Hooks is obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

the judicial process or merely repeats pending or previously litigated claims." *Brodzki v. CBS Sports*, Civ. No. 11-841, 2012 WL 125281, at *1 (D. Del. Jan. 13, 2012).

Concerning the analysis under section 1915(e)(2)(B)(ii), the standard for dismissing a complaint for failure to state a claim pursuant to this subsection is identical to the legal standard used when ruling on motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Rule 12(b)(6) standard to dismissal for failure to state claim under section 1915(e)(2)(B)). Thus, to survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556 (citation omitted). In addressing whether a *pro se* plaintiff's complaint fails to state a claim, the court must liberally construe the allegations set forth in the complaint. *See Higgs v. Att'y Gen.*, 655 F.3d 333, 339–40 (3d Cir. 2011) (explaining that "when presented with a *pro se* litigant, we have a special obligation to construe his complaint liberally" (citation and internal quotation marks omitted)).

### C.     Analysis

Regarding Hooks's claims against Mincey, it appears that he is asserting a claim under 42 U.S.C. § 1983. To succeed on claims under section 1983,

> a plaintiff must show a deprivation of a right secured by the Constitution and laws of the United States, and he must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 47, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988). The color-of-state-law requirement is a threshold issue; "there is no liability under § 1983 for those not acting under color of law." *Groman v. Township of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995). To show that the defendant acted under color of state law, a litigant must establish that the defendant is a "state actor" under the Fourteenth Amendment. *Benn v. Universal Health System, Inc.*, 371 F.3d 165, 169 n. 1 (3d Cir. 2004).

*Bailey v. Harleysville Nat'l Bank & Trust*, 188 F. App'x 66, 67 (3d Cir. 2006) (per curiam).

Here, Hooks cannot state a constitutional claim against Mincey because he is not a state actor for purposes of section 1983. *See Deangelo v. Brady*, 185 F. App'x 173, 175 (3d Cir. 2006) ("It is well established that defense attorneys, no matter whether they are privately retained, court-appointed, or employed as public defenders, do not act under color of state law."); *see also Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) (holding that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding" (footnote omitted)); *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999) ("Attorneys practicing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court."); *Brown v. Tucci*, 960 F. Supp. 2d 544, 581 (W.D. Pa. 2013) ("Even where a private litigant is represented by an attorney employed by the government, the attorney's actions and representations are attributed to his or her client rather than to the employing governmental entity."); *Tate v. Benson*, Civ. A. No. 12-1129-GMS, 2013 WL 164860, at *2-3 (D. Del. Jan. 11, 2013) (concluding that *pro se* plaintiff's claims of ineffective assistance of counsel against privately retained counsel and CJA-appointed counsel were legally frivolous because neither attorney acted under color of state or federal law). Therefore, while it is understandable why Hooks is dissatisfied with Mincey's performance as his counsel both after sentencing and while his case was on appeal before the Third Circuit, the court must dismiss the complaint insofar as he has failed to state a legally cognizable claim against Mincey.[5]

---

[5] Further,
> to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]

*Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994) (footnote and citation omitted). Considering this principle, even if Mincey was a state actor, Hooks could not proceed on his claims at this time because his convictions and sentence have not been reversed, expunged, or otherwise invalidated.

In addition, to the extent that Hooks takes issue with the Third Circuit's handling of his appeal, this court has no authority to review the decisions or actions of the Third Circuit. *See, e.g.*, *United States v. Ortiz*, 962 F. Supp. 2d 565, 575 (S.D.N.Y. 2013) ("Ortiz argues that, on direct appeal, the Second Circuit [Court of Appeals] failed to give his arguments a 'full, complete, and meaningful review'[; nonetheless, i]n my role as a district court judge, I cannot review the decision of the Court of Appeals." (internal citation omitted)). If Hooks sought review of the Third Circuit's rulings, he would have been obligated to seek review in the United States Supreme Court. Finally, to the extent that Hooks relies on violations of the Pennsylvania Rules of Professional Conduct to support a claim here, he may not rely on purported violations of those Rules because they do not provide a basis for a cause of action. *See, e.g.*, *Bukstel v. Hand*, Civ. A. No. 15-375, 2015 WL 1255894, at *2 (E.D. Pa. Mar. 17, 2015) (explaining that there is no legal basis for cause of action based on purported violations of Rules of Professional Conduct and pointing out that "the Rules of Professional Conduct explicitly state that '[v]iolation of a Rule should not itself give rise to a cause of action against a lawyer' and the Rules 'are not designed to be a basis for civil liability'" (quoting Pa. R. Prof'l Conduct, Preamable ¶ 19)). Even if Hooks had grounds for raising state law claims here, there is no basis for this court's exercise of jurisdiction over any such claims because the parties do not appear to be completely diverse.[6] *See* 28 U.S.C. § 1332(a).

---

Additionally, to the extent that Hooks's claims could possibly be interpreted as arising under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) instead of arising under section 1983, the court notes that to assert such a claim, Hooks "must show (1) a deprivation of a right secured by the Constitution and laws of the United States; and (2) that the deprivation of the right was caused by an official acting under color of federal law." *Tate*, 2013 WL 164860, at *1, n.2 (citations omitted). Like the deficiency with the section 1983 claim, Hooks has also failed to state a claim that Mincey was acting under color of federal law. *See id.* at *2–3.

[6] Hooks has also theoretically failed to allege any amount in controversy insofar as he has not expressly sought damages as a form of relief.

### D. Leave to Amend

A district court should generally provide a *pro se* plaintiff with leave to amend unless amending would be inequitable or futile. *See Grayson v. Mayview St. Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002) (stating general rule). Also, "in civil rights cases district courts must offer amendment—irrespective of whether it is requested—when dismissing a case for failure to state a claim unless doing so would be inequitable or futile." *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d Cir. 2007). In this case, Hooks cannot cure the defects identified with the complaint; as such, the court will not grant him leave to amend because doing so would be futile.

### III. CONCLUSION

For the foregoing reasons, the court will grant Hooks's request to reopen this matter and will vacate the prior order dismissing the case without prejudice for the failure to prosecute. The court will also grant Hooks leave to proceed *in forma pauperis*, and will dismiss the complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Because Hooks cannot cure the defects in his claims, the court will not grant him leave to amend.

The court will enter a separate order.

BY THE COURT:

/s/ *Edward G. Smith*
EDWARD G. SMITH, J.